UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANTOINE STEWART

                Petitioner,

                                                         08 Civ. 7514
v.                                                       12 Cr. 1435

UNITED STATES OF AMERICA

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/4/13

## ORDER ADOPTING REPORT AND RECOMMENDATION

LORETTA A. PRESKA, *Chief Judge.*

        Antoine Stewart ("Stewart") moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction, imposed on June 28, 2006 after a jury trial. Stewart is currently serving a sentence of life plus ten years for conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5), murder in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(1) and (2), conspiracy to distribute at least fifty grams of crack cocaine in violation of 21 U.S.C. § 846, murder in connection with a narcotics conspiracy in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2, discharge of a firearm in connection with a narcotics conspiracy in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and (2), and murder with a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924 (j) and 2. Stewart's conviction was affirmed on appeal.

        Magistrate Judge Henry B. Pitman issued a thorough Report and Recommendation (the "R&R") on May 7, 2013, in which he recommended that petitioner's motion be denied. [DI 31 at 41.] Judge Pitman also recommended that this Court deny the issuance of certificate of appealability pursuant to 28 U.S.C. § 2253 and a certification pursuant to 28 U.S.C. § 1915(a)(3). (R&R at 41–42.) The Court granted Stewart's motion for an extension of time to file objections [DI 15], and he timely filed on June 21, 2013 ("Objections").

### *Report and Recommendation*

        Stewart argues that his sentence should be vacated or modified because he did not receive effective assistance of counsel during pre-trial proceedings, at trial, and on appeal. Specifically, he argues that counsel was not effective because (1) trial counsel did not object to certain law enforcement testimony, which Stewart claims included information obtained from him in violation of his *Miranda* rights, (2) trial counsel did not investigate and present certain

exculpatory evidence, (3) trial counsel advised Stewart improperly regarding whether he should accept the government's plea, (4) appellate counsel failed to argue that the trial court's denial of a continuance was error; (5) appellate counsel failed to argue that certain trial testimony offered by a co-conspirator was inadmissible hearsay; (6) appellate counsel failed to argue that cross-examination of a cooperating witness was improperly restricted; and (7) appellate counsel failed to apply for a writ of certiorari.

The R&R recommends that the Court deny Stewart's motion in its entirety for failure to satisfy *Strickland v. Washington*'s requirement that a convicted defendant show that counsel's performance was deficient, and that this deficient performance caused the defendant prejudice. 466 U.S. 668, 687 (1984). It addresses each of the claims as follows:

The R&R recommends that counsel did not err in failing to object to law enforcement testimony based on *Miranda* because the information that the law enforcement officers testified to was biographical in nature (specifically, height), and this type of information may be obtained prior to mirandizing a suspect.

Similarly, it recommends that counsel did not err in failing to inquire about evidence that Stewart claims was exculpatory because the evidence was, in fact, inculpatory. It placed Stewart within a few miles of the scene of the crime shortly after the shooting occurred. Stewart also failed to offer an affidavit from the alibi witness who he now claims was with him at that time. Any choice by counsel not to introduce this evidence was sound trial strategy.

As to the plea offer, it states that Stewart's claim that his attorney did not advise him properly of the risks of rejecting the plea is deficient because he argues only that counsel gave him insufficient advice, not that counsel failed to inform him of the offer or gave him erroneous advice. Moreover, it notes that Stewart's argument is vague and conclusory, and that it is far from clear that Stewart, who has maintained his innocence at all times, would have accepted a plea offer that included a thirty-five year prison sentence.

As to appellate counsel's failure to argue that the trial court erroneously denied a two-day continuance, it recommends that denial of the requested continuance was not unreasonable or arbitrary and thus appellate counsel did not err in failing to raise the argument. Regarding the two evidentiary arguments, the R&R recommends that the co-conspirator's statement fit into a hearsay exception and restricting another witness's cross examination was not error because there was already adequate evidence of bias.

Finally, it recommends that appellate counsel did in fact offer to apply for a writ of certiorari and, regardless, there is no constitutional right to have counsel take such action.

## *Objections*

Stewart timely filed objections to the R&R. His objections raise several new arguments and also address several of the R&Rs recommendations.

3

First, he argues that the government failed to introduce physical evidence against him, relying instead on hearsay evidence and speculation. He argues also in this section that there is a witness who has an affidavit to support his argument that she was with him at or around the time of the murder. Second, he states that trial counsel told him to reject the plea offer (an argument not made in his original papers) and submits an affidavit to that effect. Third, he argues that he was prejudiced by the government's failure to disclose evidence required under the Jencks Act, 18 U.S.C. § 3500. Fourth, he argues that counsel was ineffective at trial and sentencing.

These objections are without merit. Stewart's arguments regarding the asserted Jencks Act violation and insufficient evidence presented at trial were not raised in his initial habeas briefing and should not be considered at this stage. *D'Angelo v. State Farm Fire & Casualty Co.*, 201 F.3d 430, 430 (2d Cir. 1999); *e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("a district court generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate"). Even if the Court were to consider these arguments on their merits, they still must fail. He makes no factual arguments whatsoever regarding the government's purported Jencks Act violation. To prevail on the sufficiency of the evidence claim, he would need to demonstrate "that no rational trier of fact, viewing the evidence in the light most favorable to the government, could find [him] guilty beyond a reasonable doubt." *United States v. Scaretta*, 111 F.3d 124, *5 (2d Cir. 1997) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). He has simply not demonstrated that this is the case. Indeed, there was abundant evidence of Stewart's guilt put forth at trial, including inculpatory testimony from co-conspirators and recorded jailhouse phone conversations in which Stewart at least tacitly concedes his involvement.

As to Stewart's alibi, Stewart still fails to submit an affidavit from the individual that he claims was with him at the approximate time of the shooting. Instead, he includes in his objections a statement of what she *would* say. This is plainly insufficient and, even if he had included an affidavit, the R&R correctly notes that any decision on the part of the trial attorney not to introduce evidence from this witness would have been a strategic choice.

Stewart apparently did submit an affidavit in support of his argument that counsel was ineffective in advising him of the government's plea offer. The affidavit states that Stewart's attorney advised him not to take the government's plea offer as part of his objections, although this affidavit fails to state that it was made under penalty of perjury, as required by 28 U.S.C. § 1746. This technical defect notwithstanding, the affidavit is contrary to the factual assertions in Stewart's habeas petition and additionally fails to demonstrate that there is a reasonable probability that he would have taken the plea offer, which included a thirty-five year sentence. *See Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012) ("[D]efendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel."). To meet this burden, a petitioner must provide evidence beyond his own "self-serving, post-conviction testimony." *United States v. Gordon*, 156 F.3d 376, 380 (2d Cir. 1998). Stewart has failed to meet this burden. Indeed, he has maintained his innocence at all times, and recorded jailhouse phone conversations strongly suggest that he was intent on proceeding to trial. *See* SA 65; FX 208 ("I'm 'a beat this trial so . . . bad . . . that . . . gonna make headlines of the paper.") (expletives removed).

Finally, Stewart's objection that counsel was ineffective at trial and sentencing is

4

entirely conclusory and fails to present any new arguments that would cast doubt on the R&R.

*Conclusion*

Having considered the objections to Magistrate Judge Pitman's R&R and finding the R&R to be well reasoned and thoroughly grounded in the law, it is hereby ORDERED that the R&R is ADOPTED in its entirety and Stewart's Motion [DI 1] is DENIED. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:    December 4, 2013

_____
Loretta A. Preska
United States District Judge